IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PAMELA LAWRENCE, | : |
| Plaintiff, | : CIVIL ACTION FILE |
| | : NO. _____ |
| v. | : |
| HOWARD SCHOLARS ACADEMY, LLC and KISHA HOWARD, | : |
| Defendants. | : |

**COMPLAINT FOR VIOLATIONS OF THE**
**FAIR LABOR STANDARDS ACT**

COMES NOW PLAINTIFF PAMELA LAWRENCE and files this civil action against Defendants HOWARD SCHOLARS ACADEMY, LLC and KISHA HOWARD for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, to recover unpaid overtime wages, liquidated damages and reasonable attorneys' fees and expenses, showing this Honorable Court as follows:

**JURISDICTION AND VENUE**

1.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. This Court also has jurisdiction pursuant to 29 U.S.C. § 201 *et seq.*, the Fair Labor Standards Act ("FLSA"), and 28 U.S.C. § 1367.

2.

Pursuant to 28 U.S.C. § 1391, venue is proper in this judicial district as the Defendants reside herein, and a substantial part of the events or omissions giving rise to the claims described herein occurred in this judicial district.

## PARTIES

3.

Plaintiff PAMELA LAWRENCE ("Ms. Lawrence") is an individual who was formerly employed by Defendants as a Paraprofessional. At all material times, Ms. Lawrence was an "employee" of Defendants as that term is defined at 29 U.S.C. §203(e)(1). During her employment, Defendants failed to pay Ms. Lawrence a premium of at least one-and-one half times her regular rate of pay for each hour she worked above 40 in a given workweek.

4.

Defendant HOWARD SCHOLARS ACADEMY, LLC. ("HSA") is subject to the jurisdiction of this Court. At all relevant times, HSA was Ms. Lawrence's "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d). Defendant HSA may be served with civil process upon its Registered Agent, Kisha Howard, 5271 Snapfinger Woods Drive, Decatur, Dekalb County, Georgia 30035, or wherever she may be found.

5.

Defendant KISHA HOWARD ("Howard") is subject to the jurisdiction of this Court. At all relevant times, Howard was HSA's President and Chief Executive Officer and was Ms. Lawrence's joint employer within the meaning of the FLSA. This Defendant may be served with civil process at 5271 Snapfinger Woods Drive, Decatur, Dekalb County, Georgia 30035, or wherever she may be found.

6.

At all material times during her employment, Ms. Lawrence was engaged in commerce as Defendants' employee in that she handled information, school supplies, books and other printed materials which were used and transported in interstate commerce.

7.

At all material times during Plaintiff's employment, Defendant HSA was an enterprise engaged in commerce or in the production of goods for commerce, having handled information and materials that were used and transported in interstate commerce.

8.

At all material times since 2020, HSA had two more employees engaged in commerce.

9.

Since 2020, HSA had two or more employees handling, selling or otherwise working on information and printed supplies or related materials that have been moved and produced for commerce by any person.

10.

During each year since 2020, HSA has been an "enterprise engaged in commerce or in the production of goods for commerce," as defined by 29 U.S.C. §203(s)(1).

11.

At all times material hereto, Ms. Lawrence was not exempt from the FLSA's overtime pay requirement.

**FACTS**

12.

Ms. Lawrence began her employment with HSA on or about September 27, 2021.

13.

Within the last year, Ms. Lawrence was formerly employed by HSA as an "Instructional Support Teacher" sometimes also known as a "Paraprofessional." Ms. Lawrence also worked for Defendants in HSA's Afterschool program as an "Afterschool Lead."

14.

At all relevant times, HSA required Ms. Lawrence to sign-in and sign-out daily when arriving and leaving Defendants' place of business.

15.

As a Paraprofessional or Afterschool Lead, Ms. Lawrence did not perform and supervisory duties and did not supervise any HSA employee.

16.

As a Paraprofessional or Afterschool Lead, Ms. Lawrence did not hire, fire or discipline an any HSA employee, nor did she have the authority to do so.

17.

As a Paraprofessional or Afterschool Lead, Ms. Lawrence's primary duty did not include the exercise of discretion and independent judgment with respect to matters of significance free from immediate direction or supervision.

18.

As a Paraprofessional or Afterschool Lead, Ms. Lawrence did not have authority to formulate, affect, interpret, or implement management policies or operating practices.

19.

As a Paraprofessional or Afterschool Lead, Ms. Lawrence did not perform work that affected HSA's business operations to a substantial degree; she did not

have the authority to commit HSA in matters that have significant financial impact and did not have authority to waive or deviate from HSA's established policies and procedures without prior approval.

20.

During her tenure as a Paraprofessional, HSA paid Ms. Lawrence a bi-weekly salary of $1,230.77. HSA also paid Ms. Lawrence for her services as an Afterschool Lead.

21.

As an employee of HSA, Ms. Lawrence frequently worked in excess of 40 hours per workweek.

22.

In mid-January 2022, Ms. Lawrence ended her employment with HSA.

23.

Defendants never paid Ms. Lawrence one and one-half times her regular rate of pay for each hour worked over 40 hours during any given workweek.

24.

HSA failed to properly compensate Ms. Lawrence for all overtime hours worked at a rate of one and one-half times her regular rate of pay.

## COUNT I

### VIOLATION OF SECTION 207 OF THE FLSA
### (UNPAID OVERTIME WAGES)

25.

Plaintiff restates the allegations contained in Paragraphs 1-24 of her Complaint as is fully set forth.

26.

At all material times, Ms. Lawrence was a non-exempt employee of HSA.

27.

Ms. Lawrence worked more than 40 hours in many workweeks for HSA, but Defendants failed to properly compensate her at a rate of at least one and one-half times her regular rate of pay for each hour worked in excess of 40 hours in every workweek.

28.

HSA knew or should have known that the FLSA applied to Ms. Lawrence, and it had a duty to ensure it paid Ms. Lawrence at least one and one-half times her regular rate of pay for each hour she worked over 40 in a given workweek.

29.

Defendants willfully failed to properly compensate Ms. Lawrence for the hours she worked in excess of 40 hours each workweek.

30.

As a result of Defendants' willful failure, Ms. Lawrence is entitled to an award of back pay in the amount of one and one half times her regular rate of pay for each uncompensated hour she worked over 40 in any given workweek for which Defendants did not compensate her at the statutory rate.

31.

Said willful violations give rise to a claim for liquidated damages in an amount equal to the unpaid compensation, and reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

**WHEREFORE**, Plaintiff requests:

(a) that her Complaint be read and considered;

(b) that service of process issue against Defendants as authorized by law;

(c) that the Court declare that Defendants have violated Plaintiff's rights under the overtime wage provision of the FLSA;

(d) that the Court award Plaintiff the value of her unpaid overtime wages;

(e) that the Court award Plaintiff liquidated damages as authorized by the FLSA;

(f) that the Court award Plaintiff her expenses of litigation, including her reasonably-incurred attorney's fees as authorized by the FLSA; and

(g) that the Court award such other further relief this Court deems just, equitable and proper.

>Respectfully submitted,
>
>*/s/ Dean R. Fuchs*
>DEAN R. FUCHS
>Georgia Bar No. 279170
>Attorney for Plaintiff

SCHULTEN WARD TURNER & WEISS, LLP
260 Peachtree Street, N.W., Suite 2700
Atlanta, GA 30303
(404) 688-6800
(404) 688-680 facsimile
d.fuchs@swtwlaw.com